WALTER WARREN *v.* BELA V. BUNNELL.

Pent roads, laid by the selectmen, are, by the statute, required to be opened by them, and their certificate thereof is to be recorded.

The proprietor of the land over which such road is laid and opened is entitled to his damages.

THIS was an action of trespass on the freehold. The defendant pleaded the general issue, and also a license from the plaintiff, and a right of way over the plaintiff's land. Issues were joined to the jury.

Upon the trial in the county court, it appeared in evidence, that the defendant was proprietor of a farm lying back of one owned by the plaintiff, there being no public highway across plaintiff's farm leading to it, but there was a path which had been usually travelled, for some years, by the defendant without objection by the plaintiff, he keeping up bars.

During the last year, and before the acts complained of as trespasses, the plaintiff forbid the defendant passing across his farm ; notwithstanding which, the defendant continued to cross along said path.

The defendant, in support of his plea of right of way, offered a copy of a survey, establishing a pent road along said path, which was objected to by the plaintiff but admitted by the court.

It was admitted that the path referred to lay within the said survey. The court held this sufficient to establish a right of way, in the manner claimed, without proof that the selectmen had caused a certificate of the opening of the road to be recorded, and directed the jury that the proof gave the defendant a right to use the way as a pent road. The case was submitted to the jury on other points, under such instructions as were not objected to. The plaintiff excepted to the foregoing decision and direction. The jury returned a verdict for the defendant, and the exceptions were allowed.

*B. N. Davis,* for plaintiff.

*J. R. Skinner,* for defendant.

The opinion of the court was delivered by

COLLAMER, J.—The selectmen are authorized to lay out

*pent* roads, or *private* ways, as they are called in the statute, and the question now raised is, must such roads be, by them, opened in the same manner as highways.    The *opening* of a road, under our statute, is not the mere taking down obstructions to travel.    It has a legal and technical meaning.    When a road is laid out and a survey thereof recorded, every thing necessary to the making thereof may be done, but it can be devoted to actual use only in a particular manner.    The statute provides, (vol. 1, p. 443,)  " that whenever the select-" men of any town shall open any road, heretofore or here-" after laid out, they shall cause a certificate thereof, signed " by them, or a majority of them, to be forthwith recorded " in the town clerk's office in such  town, and  the  day on " which such certificate is recorded shall be taken and deem-" ed  to be the time of opening such road."

Our statute gives to the owners of land over which a road is laid, damages, only when the road is *opened*  in the manner above described.    *Patchen* v. *Morrison*, 3 Vt. R. 590.    No one has the right to use the road until so opened.    The question  now is, is the proprietor of land over which a pent road is laid and used, entitled to the damages thereby occasioned him ?    If so, the road must be *opened* in the way provided by law, as in no other way can he obtain his damages.

That such land owner is entitled to his damages appears reasonable and legal from these considerations.    This is not a private way, from necessity, arising from any grant made by the plaintiff himself.    The road, when opened, may be used by all.    Such a road may be as injurious to the land owner as an open highway, for, not unfrequently, when roads are laid over low intervals, subject to be flowed, they are made pent roads, though important public, and even stage roads.    But what we consider conclusive on the subject, is, the words of the statute, "that the selectmen shall have power"—"to lay out new highways or alter old ones, as they shall judge proper, and also *private roads*, when it shall be found necessary, so that no damage be done to any person or persons through whose lands such road shall be laid without due recompense," &c.    Here the two species of roads are put reasonably on the same footing, and, of course, it follows that no person had a right

to use this road until legally opened. The statute of 1813 is no new grant of power on this subject. It only modifies or explains the former law, as to gates and their alteration.

Judgment reversed.