TOWN OF WHITINGHAM *v.* ALFRED BOWEN AND OTHERS.

A pent road is a highway, within the meaning of the Revised Statutes.

Upon a petition to the county court for the laying out of a highway, that court have power to lay out and establish a pent road.

PETITION for a writ of *certiorari*. Bowen and others, the petitionees, had preferred their petition to the county court, that that court would cause to be surveyed and laid out a public highway in the town of Whitingham. Commissioners were appointed, who reported, that a pent road should be laid out. And the county court, April Term, 1849, accepted the report, and ordered a pent road to be established and constructed. And the town now insisted, that, under a petition to lay out a highway, the county court had no authority to lay out a pent road.

The opinion of the court was delivered by

REDFIELD, J. The only question in this case is, whether a pent road is to be construed to be a highway, within the meaning of the Revised Statutes. By the Rev. St., chap. 20, sec. 3, it is provided,

that " the selectmen may also lay out cross roads, or lanes, as pent roads." Section five provides, that " all cross roads, or lanes, shall be deemed highways." This evidently shows, that, in terms, the legislature have made pent roads highways; and we think such was their intention. This statute was revised long after the decision of *Warren* v. *Bunnell*, 11 Vt. 600, and that case had virtually made such roads highways, under the former statute; and unless the legislature had intended, that they should so continue, they would not have in such express terms so declared them. The statute now, in regard to certifying the opening of roads by the selectmen, only extends to *highways;* and the case of *Warren* v. *Bunnell* expressly extends that provision to pent roads, and, by consequence, gives the party, through whose land such highway is laid, the right to claim damages of the town.

Those highways, which are permitted to be pent, are as much public highways, as any others,—freè to all persons, who may have occasion to pass along them. The twenty ninth section in terms gives an appeal to the county court, in all cases where the selectmen refuse to lay out " a highway," that is, any highway, open or pent, which it is competent for them to lay out. This is perhaps the reason of the case. If one is fairly entitled to a pent road, and the selectmen refuse to lay it out, and he has no appeal, on that application, he certainly should have an open road.

We denied this writ in a similar case in Addison County, in 1849 ; but this point was not urged.

The motion is denied, with costs.