## LEONARD LOVELAND *v.* TOWN OF BERLIN.

*Pent roads, liability of towns for their insufficiency.*

Towns are bound to keep pent roads in a reasonably sufficient state of repair, taking into consideration their character and importance; and are liable for injuries arising from their not being in such a state of repair.

ACTION ON THE CASE, to recover damages for an injury to a colt, sustained by reason of the want of repairs on a pent road. Plea, the general issue; trial by jury, September Term, 1853 —POLAND, J., presiding.

The plaintiff's evidence tended to prove that said pent road left the public road near the plaintiff's house, and crossed a pasture of the plaintiff, and was used by the occupants of several farms, for the purpose of reaching the public highway. It had, for many years, been an open highway, but in 1846 the selectmen of Berlin discontinued it as a public highway, and laid it as a pent road. Said pent road was fenced out for some 30 rods from where it intersected the public highway, but was not fenced the rest of the way in the plaintiff's pasture, and it was used by the plaintiff as a lane for his cattle and horses to go to the pasture ; there was no fence to prevent the cattle or horses in the pasture from running in this lane, but there was a gate at the end next to the public road. The plaintiff's evidence also tended to prove that, in that part of said pent road which was fenced as a lane, there was a small sluice-way, covered with flat stones, which had become uncovered of the earth formerly placed upon it, leaving an opening between two of the stones sufficiently large to receive the foot of the plaintiff's colt; and that said sluice-way was thereby rendered unsafe and dangerous, and that the plaintff's colt, which was in his said pasture, did get his leg into said sluice-way, and was thereby greatly injured.

The court charged the jury (among other matters not excepted to) that it was the duty of the town to keep said pent road in such a state of repair as to render it reasonably safe for the amount and kind of travel passing over it, and that if it was not kept in that state of repair and, by means thereof, the plaintiff's colt was injured, the plaintiff would be entitled to a verdict. The defendant excepted to so much of the charge as is above set forth.

*Heaton & Reed* for the defendant.

*Randall & Joyce* for the plaintiff.

The opinion of the court was delivered by

BENNETT, J.   The only question raised in this case relates to the liability of towns for damages sustained by individuals by reason of the insufficiency of what are usually denominated *pent roads*.

We apprehend this question has been virtually decided in the case of *Whitingham* v. *Bowen et als.*, 22 Vt. 317.

The defendants had preferred their petition to have a committee appointed to lay out a public highway, and the county court upon such petition had appointed commissioners, and they reported that a *pent road* should be laid out; and their report was established and the road ordered to be worked; and upon a *certiorari* to quash the proceedings they were held regular, and *that upon the ground, that* a pent road was a public highway, and especially under the Revised Statutes.   Comp. Stat. Ch. 22, Sec. 3 provides for the laying out cross roads or lanes as *pent roads*, and the 5th Sec. declares they shall be deemed *highways*.   The legislature in terms have thus made *pent roads* highways, and the same, in effect, was done by the decision of this court in the case of *Warren* v. *Bunnell*, 11 Vt. 600, which was previous to the Revised Statutes in 1839.   We think the reasoning of the court in the case in the 22 Vt. fully meets the present case, and that a pent road is open to all who wish to travel it, and the town are bound, if a highway, to keep it in repair, that is, in reasonable repair, taking into consideration the character and importance of the road, and in this respect we think the rule was well laid down by the county court.

Judgment affirmed.