### JOHN WOLCOTT *v.* JAMES E. WHITCOMB.

#### *Pent Roads. Highways.*

All pent roads are *public* highways, though called in the early statutes "private roads,"—that is to say, they may be used by all,—but they are not *open* highways.

In the absence of any prescribed regulations by the proper authority, in respect to gates and bars across a pent road, the owner of the land through which the road is laid may erect gates and bars for the protection of his field and crops, if they do not interfere with the reasonable use of the road as a pent road.

TRESPASS *quare clausum.* Plea, general issue and special pleas, to which plaintiff replied. Trial by jury, December Term, 1866, BARRETT, J., presiding.

The plaintiff introduced evidence to show that the defendant, at divers times, had torn down and removed and destroyed gates erected by the plaintiff on a highway running through his, the plaintiff's, land and which, the plaintiff's evidence showed, were necessary to protect his field, as the highway was not fenced on either side.

The plaintiff claimed that this was a pent road, and that he had a right to erect and maintain gates where these were erected; and for that purpose introduced duly certified copies of the record of proceedings, laying and establishing said road.

The defendant insisted that the plaintiff had no right, without the permission or consent of the commissioners, to erect and maintain said gates across said road; that the same was an open public highway.

There was no evidence, nor was it claimed, that said gates were not suitable and proper in number and location, provided any were allowable.

The court ruled that the record of proceedings, laying and establishing said road, showed that it was a pent road, and charged the jury on this point, that it was the right of the land owner, the plaintiff, to erect suitable and proper gates to protect his field and crops by enclosure, and to have them properly used by those passing on the road. If such were those gates erected by the plaintiff, then it was the duty of the defendant to use them properly, and it was not his right to remove or destroy them, and if he did so, he became liable

Wolcott *v.* Whitcomb.

to pay damage caused thereby. To that ruling, and the part of the charge above detailed, so far as it gave the right to the plaintiff to erect gates on said road, the defendant excepted. In all other respects, upon the evidence and law of the case, the court charged the jury fully, and to the satisfaction of the parties. Verdict for the plaintiff.

*J. J. Wilson* and *Andrew Tracy*, for the defendant.

*Hunton & Gilman*, for the plaintiff.

The opinion of the court was delivered by

KELLOGG, J.    The plaintiff had a right to erect gates and bars on his own land unless this right was taken away by reason of the laying out and opening of a highway as a pent road over it.    All pent roads are *public* highways, though called in the early statutes "private roads,"—that is to say, they may be used by all,—but they are not *open* highways.    A road could not be a *pent* road if it was not shut up or closed at its terminal points; and the term *pent* ("penned, shut up, confined, or closed,") is employed to distinguish such a road from an *open* road.    To say that a pent road is an open road would be confounding the signification of the terms.    The road in question was laid out and established " as a pent road," and it is either such a road, or no road at all.    The plaintiff's right to erect gates and bars on the road is subject only to the uses for which the road was laid, and the regulations prescribed by the proper authority in respect to the number and location of such gates and bars.    There were no such regulations in respect to this road, and the plaintiff's right was not lessened or restricted by the fact that there were none; and he had a right to protect his field and crops by suitable and proper gates or bars, if such gates or bars did not interfere with the reasonable use of the road as a pent road.    Such a use of the road was the extent of the interest which the public had in it.    Slade's Comp. Stat., p. 427, § 1,—p. 440, § 3 ; Comp. Stat., p. 161, *et seq.*, §§ 3, 5 ; Gen. Stat., p. 173, *et seq.*, §§ 3–7, 15 ; *Warren* v. *Bunnell*, 11 Vt. 600 ; *Whitingham* v. *Bowen et al.*, 22 Vt. 317 ; *Loveland* v. *Town of Berlin*, 27 Vt. 713.

4

The case of *Henby* v. *The Trustees of Ripley Township*, 10 Indiana Rep. 45, relied on by the defendant's counsel, which decides that landholders cannot erect gates upon the township highways as contemplated by the statutes of that state, unless the township trustees authorize it by providing the proper regulations, has no application to this case, because, under the laws of that state, a township highway is not a pent road, but is an open public highway, extending, however, in but one township, and laid out by the trustees of the township. See 1 Rev. Stat. of Indiana (1852), p. 313, § 27, *et seq.* And although, under the provisions of the statute of Indiana, gates may be erected on township highways under regulations prescribed by the trustees, (1 *Ib.*, p. 314, § 35), this is but a mode of converting an open road into a pent road, and not a process for making a pent road an open road.

Judgment of the county court in favor of the plaintiff affirmed.