### CHARLES H. FRENCH v. MELVIN J. HOLT.

#### *Penalty. Pent Road. Action of Debt.*

1. The *penalty* given by s. 7, c. 24, Gen. Sts., (R. L. s. 3005,) against removing *gates* or *bars* across *pent roads*, may be recovered in an *action* of *debt*.
2. And the right of recovery of such penalty in this case is not affected by the fact that no copy of the record of the County Court, establishing the road, was recorded in the town clerk's office.
3. The defendant is put upon inquiry, or chargeable with actual knowledge, of the establishment of the road.
4. No right was lost by neglecting for the *period* of *fifteen years to maintain the gate*.
5. The exceptions do not show that the question of a *defective declaration* was *raised* and *passed* upon in the court below; therefore, it is not before the Supreme Court.
6. If the court has not fixed the places, the owner of the land can erect gates across a *pent road where they are reasonably necessary*.
7. In laying out a road wholly within a town the County Court, in effect, is an appellate tribunal, taking, and limited by, the jurisdiction given the selectmen by statute.
8. The County Court can establish pent roads.

French v. Holt.

THIS case was tried by the court at the December Term, 1880, TAFT, J., presiding. Judgment for the defendant. Action of debt, to recover the penalty given by s. 7, c. 24, Gen. Sts. Plea, the general issue.

### DECLARATION.

In a plea of debt, for that there was, on the thirtieth day of August, A. D., 1878, and for a long time before had been a pent road in said town of Hartland, leading from the school-house in district number fourteen, in said town of Hartland, through and across lands leased and occupied by the plaintiff, to Joseph S. Holt's dwelling-house, in said Hartland, across which said pent road gates had been established, and the plaintiff had erected the same for the protection of his crops, as he had a lawful right to do. And the plaintiff avers that heretofore, to wit, on the seventh day of May, A. D. 1878, at Hartland in the county of Windsor aforesaid, the defendant wilfully left open one of said gates so established and erected across said pent road as aforesaid, and did thereby expose the lands and crops of the plaintiff to damage by the beasts of the plaintiff grazing in an adjoining field; in violation of section seven, of chapter twenty-four, of the General Statutes of the State of Vermont, whereby and by force of the aforesaid statutes, in such case made and provided, the defendant has forfeited and become liable to pay a sum of money not exceeding five dollars, and an action hath accrued to the plaintiff, he being the occupant and interested in said lands through which said road runs, and on which said gate was located, to demand and recover of the defendant a sum not exceeding five dollars in money for the removing and leaving open said gate as aforesaid, yet the said defendant though requested, has not paid the said sum of money above demanded or any part thereof, but detains it.

· The court below found from the evidence that the pent road was established by the County Court in 1853, on the petition of the defendant's father, with others; that there were to be " two convenient gates " on the road; that the proceedings of the County Court in establishing the road were not recorded in the town clerk's office where it was located ; that the plaintiff, some three years after the road was built, moved his fence, and so the gate was not kept up for more than fifteen years ; and that the plaintiff moved his fence back because of complaints of the defendant, and established the gate again where it was originally.

*Norman Paul*, for the plaintiff.

*Gilbert A. Davis*, for the defendant.

The opinion of the court was delivered by

Ross, J.   The statement in the exceptions that the County Court, " upon the whole case rendered judgment for the defendant," means upon the whole case as made up and tried in that court ; that is, on a trial upon the merits, on a denial of the allegations set forth in the declaration.   It does not mean, as the case might have been made up, or would have been made up if the defendant had met the declaration with a demurrer, or the findings of fact with a motion in arrest of judgment.   There is nothing in the exceptions to show that the defendant before the County Court raised the question whether debt was the proper form of action, or whether the action itself was defectively set forth in the declaration.   An objection, that the declaration is defective should be taken by demurrer or a motion in arrest of judgment ; and the point is not properly raised on a trial of the issues of fact. *Crocker* v. *Gilbert*, 9 Cushing, 131.   Hence, the contention of the defendant, that debt cannot properly be maintained on the statute declared upon, and that the allegations as to the establishment of the road, and removal of the gate are defective, are not properly before this court.   This court can only revise the rulings of the County Court in matters which the exceptions show affirmatively were before, and passed upon by, that court.   But if these contentions were properly before this court, we do not think that they would be maintainable.   There is no such uncertainty in the sum recoverable as a penalty, as defeats the right to maintain debt upon the statute therefor.   The findings of fact, by the County Court, stand in place of a verdict by the jury.   After verdict every reasonable intendment in favor of the allegations of the declaration when met by a motion in arrest of judgment is to be made, and some defects in the declaration that would be fatal when met by a general demurrer even, are cured.   The allegations of the declaration in reference to the establishment of the road with gates, and in reference to the removal and leaving open

of the gate, are sufficient to sustain a judgment and general verdict in favor of the plaintiff.

The finding of the County Court that the defendant "wilfully left the gate open at various times, and the plaintiff's crops were thereby exposed to injury from his cattle grazing in said pasture," plainly implies that the gate was shut when the defendant came to it. Such opening and wilfully leaving open the gate, we think, is such an act as was contemplated by the statute, and is included in the words "wilfully remove any gate." The gate when shut was a barrier restraining the cattle in the pasture from the crops in the field. When opened and left open by the defendant, it was as effectually removed as such barrier as though it had been taken from the hinges and carried away, or thrown upon the ground.

Nor, do we think the contention maintainable that the County Court had no right to establish gates when laying out and establishing the pent road. The power of the County Court on proper proceedings to lay out and establish pent roads has been recognized by the decisions of this court. *Wolcott* v. *Whitcomb*, 40 Vt. 40 ; *Whitingham* v. *Bowen*, 22 Vt. 317. As held in *Wolcott* v. *Whitcomb*, a pent road is one enclosed, at the termini ; and the establishment of a highway as a pent road, gives the land-owner the right to erect gates across it where they are reasonably necessary to protect his crops, unless the court in establishing the road has fixed the places where they may be erected. The power to lay out and establish a pent road implies the power to determine the points where the enclosures may be made. This power is clearly given to the selectmen, when establishing a pent road. The County Court has no power or jurisdiction to lay out and establish highways, open or pent, wholly within a town, except that given by statute. The County Court, in laying out and establishing highways, does not exercise its common-law jurisdiction, but the jurisdiction conferred by the statute, which is substantially that of an appellate tribunal from the decision of the selectmen of the town. *Whitingham* v. *Bowen*, *supra*. The appeal is brought to the County Court by petition, rather than by having it allowed and certified by the selectmen, but the jurisdiction of the County Court is confined to the identical matter which the select-

men of the town have acted upon. The proceedings in the County Court, as the appellate tribunal established by statute for revision of the action of the selectmen, are but a continuation of the proceedings commenced before the selectmen under sec. 3 of chapter 24, Gen. Sts. When the pent road in question was laid out and established by the County Court, it was done under, and by virtue of, the original jurisdiction conferred by section 3 upon the selectmen, taken up and carried forward by it as an appellate tribunal. Hence, on the finding of the County Court below, the highway in question was established under, and by virtue of, section 3, chap. 24, Gen. Sts., and is within the provisions of section 7, imposing the penalty sought to be recovered.

Again, it is contended that the plaintiff is not entitled to recover on the facts found, because a certified copy of the record of the County Court by which the road in question was established, was not recorded in the town clerk's office of the town in which the highway was located. Such record is not requisite to the legal establishment of the highway. As has been frequently held, travellers are not bound to examine and find that such record has been made, before they can hold the town liable for injuries received through its insufficiency. The record is subsequent to the establishment of the highway, and no time is fixed in which it must be made, nor penalty imposed for failure to have the record made, nor is it declared that the failure to make the record shall affect the legal quality of the highway. The want of such record showing that the road was opened for travel, would probably protect the plaintiff in refusing to open the road to the public for travel. *Patchin* v. *Morrison*, 3 Vt. 590 ; *Warren* v. *Bunnell*, 11 Vt. 600. But when he had opened the highway to the public for travel and accepted his damages, he had so far acquiesced in the laying of the road that he could not object that no certificate of opening the road had ever been filed with the town clerk. *Felch* v. *Gilman*, 22 Vt. 38. Hence on the facts found by the County Court, as to the plaintiff, the pent road was a legally laid and opened highway, and he was in the same need of the protection afforded by section 7, that he would be if the proceedings of the County Court establishing the highway were duly recorded in

the town clerk's office.   Without such record being made the highway has become legally established against the town and the plaintiff and in favor of the public.   The only beneficial purpose such a record could secure in behalf of the defendant would be to furnish him a certain place where he could find accurate and reliable information as to the legal right of the plaintiff to erect and maintain the gate in question.   The records of the County Court are public, equally reliable and open to him for that purpose. From the fact that the highway was established on the petition of defendant's father, the length of time the gate was maintained at this place before the plaintiff moved his fence to the upper side of the road, and the complaint of the defendant in regard to the plaintiff's fence on the upper side of the road obstructing the pent road, it is fairly inferable that the defendant either had actual knowledge of the laying out and establishment of the pent road, or of such facts as put him upon inquiry in regard thereto.   In either case he is chargeable with actual knowledge, and has not been injured and cannot complain that he has not through the fault of the town the means to that end which the record in the town clerk's office could furnish.   Hence, without deciding what would be the effect of the want of a record in the town clerk's office in regard to a person who as a traveller should, under a claim of right, remove a gate established across a pent road, and who was not affected with actual notice nor even such constructive notice as the record would afford, we hold that, under the circumstances of this case, the defendant cannot take advantage of the failure to record the proceedings of the County Court in the town clerk's office.

The only other objection made to the plaintiff's right of recovery is, that he has lost the right to erect and maintain the gate at that place by non-use of it for more than fifteen consecutive years. It is claimed such non-use amounts to a dedication of the plaintiff's right to the public.   He did not give up the use of his right for the convenience of the public, but for his own convenience occasioned by a change in the location of his fence.   The passage by the public, at that point, unobstructed by a gate, was not adverse to him, but in accord with his own convenience.   There is not an ele-

24

ment of a dedication of this right to the public, nor of the acquire‾ ment of it by the public by acceptance or adverse use, disclosed by the facts certified to this court in the bill of exceptions. When the defendant by his complaint has caused the plaintiff to replace his fence in the original location, and thereby occasioned a necessity for the re-assertion of the unused right, he ought not to complain that the right is re-asserted.

These views render the judgment of the County Court for the defendant erroneous, and that judgment is reversed, and judgment rendered for the plaintiff to recover a penalty of $5.00 and his costs.