GILBERT FRENCH, EXR, AND OTHERS *v.* TOWN OF BARRE.

*Highway.* R. L. ss. 1961, 2915, 2940, 3004. *Pent Roads.*
*Damages. Certiorari. Selectmen. Commissioners.*
*Agents. Stewards of Methodist*
*Episcopal Society of Barre.*

1. The judgment of the County Court in establishing a highway will be sustained unless substantial injustice has been done, or a writ of *certiorari* would be granted; and this writ is often denied where there is no injustice, though some formal, legal error has been committed.

2. PENT ROADS—PRESUMPTION. The selectmen laid a highway two rods wide in a village, and on petition the County Court appointed commissioners, who reported that they adopted the survey of the selectmen and recommended that the highway be established as laid by them; this report was confirmed by the court, and the petitioners excepted because the road was laid less than three rods in width. The record did not designate whether it was an open road, a cross-road, or pent road; and by statute some roads must be laid three rods wide and some may be two rods; *Held,* (a) that the presumption is, that this is such a highway as may be legally established of the width of two rods; (b) and it was not error that permission was not given for the erection of gates and bars, as it does not appear that there was any necessity for them.

3. AGENT—ESTOPPEL. The highway was laid across land owned by the Methodist Episcopal Society, whose stewards had agreed with their grantors that the church lot should remain open and unobstructed, but without any vote of the quarterly meeting conference, as required by R. L. s. 1961, and the society had acquiesced in the acts of its stewards for more than twenty years; $250 were allowed as damages if the agreement was still binding, and $300, if it was not; *Held,* that the society by retaining the benefit of the acts of its agents is now estopped from denying their validity.

4. JUDICIAL NOTICE.  The commissioners properly took judicial notice of the stat-
    utes and geography of the State in their finding that Barre was not an incor-
    porated village.

ROAD PETITION under secs. 2940-43 of the Revised Laws.
At the September Term, 1885, POWERS, J., presiding, the
report of the commissioners was accepted and the highway
therein described established.   Two hundred and fifty dol-
lars as damages were allowed the Methodist Episcopal So-
ciety of Barre.

The agreement signed, September 17, 1861, by the stew-
ards of the M. E. Society, was as follows:

"We, the undersigned stewards of the Methodist Epis-
copal Church in Barre, hereby promise and agree, that in
consideration of certain stipulations and agreements this
day made and entered into by and between us the said
stewards, and Alfred W. and Edwin Lane of said Barre,
that we and successors shall not erect any sheds or other
buildings upon the grounds belonging to said Methodist
Church and Society, situated between the easterly side of
the Methodist church and land owned by said Lanes and
Richard S. Currier, but that said land shall be and remain
the same as it now is; also we promise and agree, as above
stated, that we will remove or cause to be removed the two
easterly stalls of the horse-shed belonging to said society,
and that the land on which the said stalls now stand shall
become the same as the other grounds around said church.

"We, the undersigned stewards of the Methodist Episco-
pal Church in Barre, promise and agree to give to Alfred
W. and Edwin Lane the right and privilege of passing to
and from their premises over the grounds of said society
without let or hindrance, they doing no more damage to
said grounds than will be necessary in the common course
of business, meaning to give them the same privileges that
they have heretofore enjoyed."

The commissioners found as to damages:

" If from the foregoing findings the court is of the opinion
that that part of the church lot lying easterly of the church
is encumbered, or the use of it is limited or restricted so that
that part of the lot cannot be enclosed and built upon, we
find that the award of the selectmen to said Methodist

Episcopal Society, for damages, was ample and we appraise the damages to them by reason of the laying of said highway at the same sum, namely; $250: but if upon such findings the court is of the opinion that said lot is not encumbered, or the use of that part of it lying easterly of the church is not so limited or restricted, we appraise such damages at the sum of $300."

*Heath & Willard* and *Boyce & Boyce*, for the petitioners.

An open highway cannot be laid less than three rods wide, except within the limits of an incorporated village or city. Acts of 1884, No. 16.

The commissioners had a right to take judicial notice of the fact that Barre village was not incorporated. *Rock Island Co.* v. *Steele*, 31 Ill. 543; *Swain* v. *Comstock*, 18 Wis. 486; *Case* v. *Mobile*, 30 Ala. 538; *State* v. *Murfreesboro*, 11 Humph. 217; *Brown* v. *Elms*, 10 Humph. 135.

The County Court consequently erred in ordering an open highway to be laid.

The statute—R. L. ss. 1960-61,—prescribes the only way in which a conveyance of the real estate of a M. E. society can be made.

*E. W. Bisbee* and *S. C. Shurtleff*, for the defendant.

Courts cannot take notice of private acts of the legislature; they must be proved. 1 Greenl. Ev. s. 6; *Bruce* v. *Thompson*, 2 A. & E. 789. The M. E. Society is estopped; is bound by the acts of its stewards by acquiescence and adoption.

The opinion of the court was delivered by

WALKER, J. The statute allowing questions of law arising upon the trial of petitions for establishing or discontinuing highways and the assessment of damages growing out of such petitions to be passed to the Supreme Court upon exceptions as in other cases, provides that no judgment of

the County Court which has been rendered in such proceeding shall be reversed, unless the Supreme Court would have granted a writ of *certiorari* for the same cause. The writ of *certiorari* is not demandable as a matter of strict legal right, but it rests in the discretion of the court to grant or refuse it. It is never awarded unless injustice has been done to the petitioner, which may be remedied by awarding the writ. It follows therefore, that, in this case, the judgment of the County Court must be sustained unless substantial injustice has been done, or unless the County Court, upon the facts stated, could not in law have rendered the judgment it did. The Supreme Court will presume as much, if not more, in favor of the regularity of session proceedings of the County Court as in common law actions. The court, in reviewing such proceedings, often exercises its discretion to deny the writ, where no injustice has been done, when it is obvious there has been some formal, legal error committed.

The application to the County Court for the appointment of commissioners to review the work of the selectmen and inquire into the necessity and convenience of the highway as laid out by them and as to the damages sustained by the petitioners, is a proceeding for the correction of any errors which the selectmen may have made in the premises complained of, and does not, of itself, vacate their action. It stays or suspends the opening of the highway until the decision of the court upon the report of the commissioners; and when no error is found the action of the selectmen, in effect, is confirmed by the County Court.

The commissioners have made a certified copy of the record of the doings of the selectmen in laying out the highway in question a part of their report, and report that the public good and the necessity and convenience of individuals require a highway in substantially the same location selected by the selectmen; and that a highway two rods wide will be adequate for the travel at that place.

They recommend no alteration in the location or width of the highway as laid out by the selectmen; they adopt the survey of the selectmen as their survey, and recommend that the highway should be established as laid out by them; and they find no error in the action of the selectmen, as to the locality or width of the highway. The County Court accepted the report of the commissioners confirming the action of the selectmen, and by its order established the highway as laid by them, and approved and recommended by the commissioners.

To this order of the court, the petitioners excepted, and they now insist that the order is erroneous, because it establishes, as they contend, an open highway of less than three rods in width, which the statute prohibits.

All highways, whether open roads, cross-roads, lanes, or pent roads, are public highways. *Wolcott* v. *Whitcomb*, 40 Vt. 40. The record of the doings of the selectmen shows that they laid out a highway two rods in width, without any designation as to whether it was an open road, crossroad, lane, or pent road; and the County Court accepted the report of the commissioners recommending the establishing of the highway as located and surveyed by the selectmen, and by its order established the same highway without any designation in the order as to whether it is an open road, cross-road, lane, or pent road.

As it does not appear affirmatively what kind of a highway was established by the County Court, the court will not presume that it was an open highway which could not be legally established of less width than three rods, but will presume that the County Court established by its order such a highway as might be legally established of the width of two rods.

The highway in question was surveyed and laid out by the selectmen under the provision of sec. 2915 R. L., before it was amended by the Act of 1884, so as to authorize the laying of certain open highways in incorporated

cities and villages of less width than three rods. It would seem, therefore, that the question of whether the village of Barre was then an incorporated village or not is wholly immaterial; but whatever might be the effect of the amended statute upon the case, if the village of Barre was incorporated, it has no bearing here, for the commissioners have found that the village was not incorporated. Sec. 2915, without the amendment, requires that "public highways shall be at least three rods in width, but crossroads and lanes, to be used as pent roads, may be of less width."

· The highway described in the report is a highway two rods in width, of which width a cross-road or lane may be established; and the County Court had power by its order to establish such a highway upon the report of the commissioners; but it does not appear from the exceptions that it attempted to, or did, in fact, establish any other. There is no legal presumption that the establishment of a highway two rods in width, without designating it as an open highway, is an open public highway. The presumption is, as before stated, that it is such a highway as may be legally established of the width of two rods.

It is not necessary that the selectmen or County Court, in establishing a cross-road or lane, to be used as a pent road, should make any order or regulation as to the erection of gates or bars at the *termini* thereof. Sec. 3004 R. L. provides: "That the selectmen may allow pent roads to be enclosed and occupied by the owner of the land during any part of the year, and bars and gates to be erected thereon; and such permission and any alterations therein shall be in writing and recorded in the town clerk's office." It is not essential that this permission to enclose the land shall be included in the order establishing the road; and, unless the convenience and necessity of the land-owner requires it, the permission need not be given at all. The omission to give such permission to enclose the land in the order establishing

the road does not change the character of the road from that of a cross-road or lane to that of an open highway. Such omission does not affect the rights of the land-owner; they are not lessened or restricted by the fact of such omission to make such regulations; his rights to protect his field and crops by suitable bars and gates still remain, if such gates and bars do not interfere with the reasonable use of such road as a cross-road or lane, or with any contract he may be under with any other person to keep said land open and unenclosed. *Wolcott* v. *Whitcomb*, 40 Vt. 40. The statute would seem to contemplate that the selectmen may give such permission to enclose the road for such part of the year as they deem advisable, and make alterations therein at any time, as the convenience and necessity of the land-owner may require, so far as it does not interfere with the reasonable use of the road for the purpose for which it was laid.

In this case the selectmen and County Court properly omitted to make any order for the erection of gates and bars across the road on the land of said Methodist Episcopal Society during any part of the year; for the society is, by the terms of its agreement made by its stewards with the Lanes and Currier, under obligation to keep the same open and unenclosed and unobstructed for free passing to and from said persons' premises. And where no necessity exists for allowing the owner to enclose the road with gates and bars, no such order or permission should be granted. The report does not show that the necessity or convenience of any land-owner, through whose land the road was laid, requires that the road should be enclosed by gates or bars during any part of the year; and it was not error for the County Court to establish the road without giving any permission in its order for the erection of gates and bars.

We think, also, that there was no error made by the County Court in the award of land damages to the Methodist Episcopal Society of Barre. It appears from the report of

the commissioners that the stewards of the society, without any vote of the quarterly meeting conference for that purpose, as required by sec. 1960 and 1961 R. L., by an instrument in writing, on the 17th day of September, 1861, in consideration of certain lands deeded to them and their successors for the benefit of the society by Alfred W. and Edward Lane and Richard S. Currier, agreed to let that part of the church lot through which the highway is laid out, remain open and unobstructed for the passage to and from the Lane premises and to and from the Currier land northerly of the Lane premises; and that the church lot has since remained open and unenclosed, and has, during that time, been used for passing to and from the premises last mentioned; and that the Methodist Episcopal Society has ever since held and occupied the land deeded to its stewards for its benefit, by the Lanes and Currier, and has never offered to rescind their stewards' agreement to keep the church lot open for the purposes named therein. The society cannot repudiate the agreement of its stewards to keep this strip of land open and unobstructed and still hold the land that was deeded to it in consideration thereof.

It is well settled that when a principal, with a knowledge of the facts, adopts and takes the benefit of the acts of his agent, though the acts are contrary to duty, and in excess of authority given, he shall not afterwards impeach the agent's acts in that particular. And this principle is peculiarly applicable to a case like the present. The long lapse of time, the society's strict observance of its stewards' agreement during that time, and its retention of the consideration, indicate the society's full approbation of, and acquiescence in, its stewards' acts in making the agreement; and it is now estopped from denying its validity. Under the agreement, the strip of land crossed by the highway cannot be enclosed and built upon, and its use by the society is restricted and limited, as expressly provided in it.

We think that the commissioners, in their finding that

Barre was not an incorporated village, properly took judicial notice of the statutes and geography of the State. Courts judicially notice the civil divisions of the State created by statute, such as counties, towns, cities, and incorporated villages. *People* v. *Breese,* 7 Cow. 429; *Swinnerton* v. *Columbian Ins. Co.* 37 N. Y. 174; *Rock Island Co.* v. *Steele,* 31 Ill. 543; *Case* v. *Mayor of Mobile,* 30 Ala. 538; *Swain* v. *Comstock,* 18 Wis. 486; *State* v. *Murfreesboro,* 11 Humph. 217.

As no injustice has been done, and as no error is apparent upon the record and proceedings of the County Court, the judgment of the County Court establishing the highway, described in the commissioners' report, is affirmed. Lands to be opened for work by the 15th of January, 1887, and highway to be opened for travel within one year. The judgment of the County Court in favor of the Methodist Episcopal Society of Barre for $250 damages is also affirmed, payable within sixty days, and the petitionee to recover costs.