# M. BRIDGMAN ET AL. v. TOWN OF HARDWICK.

### October Term, 1894.

*Highways.   When lane is used as pent road.   When it connects existing highways.*

1. No. 16, Acts 1884, does not authorize the laying of a lane less than three rods wide, to be used without gates and bars, for such a lane is an open highway and not a pent road.

2. A lane does not connect highways within the meaning of that act unless each end terminates in a highway.

Petition for the laying of a highway.   Heard upon the report of commissioners and exceptions of the petitioners thereto at the June term, 1894, Caledonia county, TYLER, J., presiding.   The court established the highway according to the report.   The petitioners except.

The petitioners excepted to the report of the commissioners :

1st.   Because the road laid was an open public highway and not three rods wide.

2d.   Because the road was not laid over the route specified in the petition.

*Bates & May* for the petitioners.

The road laid was an open public highway, and should

have been at least three rods wide. *Warner* v. *Stockwell*, 9 Vt. 20; *Nelson* v. *Dennison*, 17 Vt. 77.

*W. H. Taylor* for the defendant.

The route adopted was sufficiently near the one asked for. *Orrington* v. *Co. Com.*, 51 Me. 570; *Kent* v. *Wallingford*, 42 Vt. 651; *Kelly et al.* v. *Danby et al.*, 46 Vt. 504.

Since the report designates this as a lane, the presumption is that it is to be used as a pent road. *Wolcott* v. *Whitcomb*, 40 Vt. 40; *Whitingham* v. *Bowen*, 22 Vt. 317; *French* v. *Barre*, 58 Vt. 573; *Kidder* v. *Jennison*, 21 Vt. 108.

START, J.    On the report of the commissioners the court below laid out a lane, under No. 16, of the Acts, of 1884, to be used without gates or bars. The lane does not connect with an existing highway at its westerly terminus, and is less than three rods wide; and it does not appear that it is in an incorporated village or city.

It is claimed by the petitioners' counsel that the highway as laid out is an open public highway, and that the statute does not authorize the laying out of such a highway less than three rods wide, except in incorporated villages and cities, to connect existing highways. It is clear that the highway as laid out is an open public highway. It is to be used without gates or bars. This makes it an *open* highway, and not a lane within the meaning of the act of 1884, as was held by the court below. This act provides that public highways shall not be less than three rods wide, but if laid within the limits of an incorporated village or city to connect existing highways, they may be of less width, and cross roads and lanes, to be used as pent roads, may be of less width. This act does not authorize the laying out of a lane less than three rods wide, unless it is laid out to be used as a pent road. The lane was laid out less than three rods

wide and was not laid out as a pent road, as it was to be used without gates or bars. A pent road is one that may be enclosed by gates or bars, and is not an open highway. *Wolcott* v. *Whitcomb*, 40 Vt. 40; *French* v. *Holt*, 53 Vt. 364. The court below, by providing that the lane should be used without gates or bars, laid out the lane as an open highway; and its action was not authorized by that part of the act of 1884 which provides for the laying out of lanes.

It is claimed by the defendant's counsel that the highway as laid out is within the limits of the village of Hardwick; that the village is incorporated; that the highway connects existing highways within the meaning of the act of 1884; and that the action of the court below can be sustained under that clause of the act which provides that, if the highway is laid within the limits of an incorporated village or city, to connect existing highways, it may be less than three rods wide. This claim is not supported by the findings of the commissioners. It does not appear that the highway is within the limits of the village of Hardwick, nor does it appear that the inhabitants of the village have ever accepted of the act of incorporation or organized under it; and it is expressly found that the westerly terminus of the highway as laid out does not connect with an existing highway. To authorize the laying of a highway under the provisions of this act, the highway as laid must connect with an existing highway at both terminal points. It is not enough that one terminal point connects with an existing highway. The language of the enactment is plain. To connect is to join, unite, bind, or fasten together. A highway that does not intersect an existing highway at more than one of its terminal points does not connect existing highways, and is not authorized by the provisions of the act relied upon by the defendant's counsel.

It is claimed by the petitioners' counsel that the highway is not laid over the route described in the petition, but over

another and different route. We have not been furnished with a copy of the petition, and it does not appear that the terminal points of the proposed highway were definitely described in the petition. It appears from the exceptions that no part of the highway as laid is wholly off the route described in the petition. It would seem from this statement that some portion of the highway as laid extended to the terminal points of the proposed highway. From the record before us, we cannot say that the highway as laid is materially different from the proposed highway as described in the petition. If it was not, the holding of the court upon this branch of the case was correct.

*Judgment reversed, order vacated and cause remanded.*