No. 31,908

THE CITY OF INDEPENDENCE, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MONTGOMERY, *Appellant*.

(37 P. 2d 105)

Opinion filed December 8, 1934.

*Warren B. Grant,* of Independence, and *Richard L. Becker,* of Coffeyville, for the appellant.

*Theo F. Varner,* of Independence, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action to compel the board of county commissioners of Montgomery county to pay to the city of Independence $250 a mile for the maintenance of certain streets in that city. Judgment was for the city. The county appeals.

The facts are as follows: The South Tenth street road is a county road and enters the city of Independence on the south. It is the only county road that enters the city from any direction. In order to reach a county road other than the South Tenth street road the traveler must go two miles east of Independence. To reach this road from the northern terminus of the South Tenth street road one must travel over streets of Independence which are a part of the state highway system before leaving the city

limits, and then over the state highway system outside the city limits at least two miles. The city is claiming that a portion of the city streets known as Tenth street is a "connecting link" in the system of county highways within the provisions of R. S. 1933 Supp. 68-506e. That section is as follows:

"That the board of county commissioners of each county shall annually apportion and distribute quarterly to each city on the county highway system from the fund known as the county and township road fund at the rate of two hundred fifty dollars ($250) per mile for the maintenance of the streets in such cities used as connecting links in the system of county highways which are not connecting links in the state highway system, said moneys to be credited to the street and alley fund of such cities. In lieu of said apportionment the board of county commissioners may maintain in cities of the third class such streets and pay for such maintenance from the county and township road fund."

The facts were agreed to about as they have been detailed here except that plaintiff offered to prove the amount of traffic that passed over Tenth street in Independence.

The question for this court then is whether the words "connecting link" in the system of county highways mean actually connecting two county highways or simply mean a means by which one might travel from one county road to another by traveling part way over an altogether different system of roads. It must be borne in mind that the county system of roads and the state highway system are two altogether different systems as far as construction and maintenance are concerned. Clearly, the intention of the legislature was that where a county highway leads up to a town, and travel upon it goes over the streets of the city and out of the city by another county road, thus wearing out the city streets, a part of the gasoline tax money appropriated to maintain county highways should be used to maintain these streets. But how can a part of a city be a connecting link in a county system of highways when it only touches the county system at one end? A connecting link, by its very name, must be something that holds two different elements together.

Webster's New International Dictionary (1926) defines "connect" as follows:

"To join, or fasten together, as by something intervening; to associate, as in occurrence or in idea; to combine; to unite or link together, as in an electrical circuit; to establish a bond or relation between."

and again:

"1. To join, unite, or cohere; to have a close relation; as, one argument

connects with another. 2. To meet or make connections for the transference of passengers, or change of means of communication; as, northbound and eastbound trains connect at New York."

The same source defines "link" as follows:

"Hence, something which binds together, or connects, separate things; a part of a connected series; a tie, a bond."

The supreme court of Vermont considered a similar question in *Bridgman et al. v. Hardwick*, 67 Vt. 132. In that case the act provided that public highways shall not be less than three rods wide, but if laid within the limits of an incorporated village or city to connect existing highways they may be of less width. The westerly terminus of the highway there under consideration did not connect with an existing highway. In the opinion the court said:

"To authorize the laying of a highway under the provisions of this act, the highway as laid must connect with an existing highway at both terminal points. It is not enough that one terminal point connects with an existing highway. The language of the enactment is plain. To connect is to join, unite, bind or fasten together. A highway that does not intersect an existing highway at more than one of its terminal points does not connect existing highways, and is not authorized by the provisions of the act relied upon by the defendant's counsel." (p. 134.)

See, also, *Bull v. New York City Ry. Co.*, 192 N. Y. 361.

From what has been said we therefore conclude that the trial court erred in granting judgment against defendant, and the judgment is therefore reversed with directions to enter judgment for defendant.